**Frank BURDEN, Plaintiff-Appellant,**

**v.**

**Thomas Larry YATES and Marion H. Reece, Defendants-Appellees.**

**No. 80–7349.**

United States Court of Appeals, Fifth Circuit. Unit B

May 8, 1981.

---

Bowen, Derrickson, Goldberg & West, Dwight Bowen, Ralph Goldberg, Atlanta, Ga., for plaintiff-appellant.

Murray & Temple, Robert Stacy Hylton, Decatur, Ga., for Yates.

1. "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for a dismissal of an action or of any claim against him."

2. "In these instances, and in other instances provided by law or court rules, the Court may, with or without notice to the parties, dismiss

Before JONES, TJOFLAT and ANDERSON, Circuit Judges.

TJOFLAT, Circuit Judge:

The district court dismissed this case because of the plaintiff's failure to comply with an order of the court. We reverse and remand.

## I

Frank Burden filed this Motor Vehicle Information and Cost Savings Act case, 15 U.S.C. § 1981 *et seq.* (1976), on April 17, 1979. He appeals because the district court dismissed that suit when he failed to comply with a pretrial order. Appellant's actions in this case reveal, at best, a sorely deficient approach to litigation. We shall describe briefly the appellant's behavior.

On three successive occasions appellant failed to obey the clear directives of the district court. First, appellant was late in filing a status report that the court had requested. Next, the court provided explicit instructions for preparation and submission of a pre-trial order, yet the appellant failed to comply with this order as well. After the initial pre-trial order due date had passed, the court extended the deadline and issued another directive mandating submission of the pre-trial orders. This directive stated specifically: "Failure to comply will result in dismissal of the case." Record, vol. 1 at 79. Once again, appellant failed to comply with the court's order and thus, pursuant to the clear language of its previous order, and pursuant to Federal Rules of Civil Procedure 41(b)[1] and Local Court Rule 131.12[2], the court dismissed the case.

any case other than a criminal case for want of prosecution:

If plaintiff or his attorney shall, after notice, fail or refuse to appear at the time and place fixed for pre-trial, or other hearing, or trial in a case, or fail or refuse to obey a lawful order of the Court in the case."

At the time of this dismissal, the relevant statute of limitations had run on appellant's cause of action. Therefore, the dismissal had the effect of precluding appellant from pursuing his case in a subsequent action. Appellant filed a motion to alter or amend the dismissal in light of its preclusive effect, asserting that noncompliance was due to his negligence rather than bad faith. The motion was denied and this appeal followed.

## II

It is clear that a district court does, and indeed must, have the power to control and direct the cases on its docket. *Brown v. O'Leary,* 512 F.2d 485, 486 (5th Cir. 1975); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 349 (5th Cir. 1972). It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case. *Hyler v. Reynolds Metal Co.,* 434 F.2d 1064, 1065 (5th Cir. 1970), *cert. denied,* 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971). Therefore, absent other circumstances, the district court appears to have acted well within the bounds of its discretion, *Brown v. O'Leary,* 512 F.2d at 486, in responding to the appellant's derelict pursuit of this litigation. Difficulty arises, however, because this dismissal, while made without prejudice, has the effect of precluding appellant from refiling his claim due to the running of the statute of limitations. The dismissal was thus tantamount to a dismissal with prejudice, "a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir. 1970).

In a directly analagous situation, *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 213 (5th Cir. 1976), we noted that "[w]here ... the statute of limitations prevents—or arguably may prevent—a party from refiling his case after it has been dismissed, we fail to see how a dismissal without prejudice is any less severe a sanction than a dismissal with prejudice," and ruled:

[D]ismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances.... In the past, we have found that lesser sanctions would suffice in all but the most flagrant circumstances.

*Id.* at 212.

In light of this standard, but with extreme reluctance, we find that this dismissal was inappropriate. *Compare Martin-Trigona v. Morris,* 627 F.2d 680 (5th Cir. 1980) (dismissal appropriate when plaintiff failed to respond to motion to dismiss for thirteen months). Two factors force us to make this decision. First, while extremely inappropriate, appellant's failure to comply with the court order was more a matter of negligence than purposeful delay or contumaciousness. *See Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir. 1967). *See also Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir. 1980). This mitigates the seriousness of appellant's offense. Second, the district court failed to employ lesser sanctions before dismissing the case. *See Brown v. Thompson,* 430 F.2d at 1216. Appellant's course of conduct provided the court with several opportunities to discipline him for failure to obey court directives. The proper course would have been to impose such lesser sanctions as costs or fines when appellant initially acted improperly, and then, if these failed to deter the conduct, to impose the greater sanction of dismissal. Such an approach would provide opportunity to correct inappropriate conduct while still allowing pursuit of the underlying cause of action—at least until the lesser sanctions are proved inadequate.

In reversing this dismissal we wish to emphasize that on remand the district court has the power to impose sanctions necessary to deter future conduct of this sort by appellant, and to impose costs adequate to make appellee whole for those expenses attributable to appellant's conduct below. *See Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917, 920 (5th Cir. 1974).

506

The case is REVERSED and REMANDED for further proceedings consistent with this opinion.

REVERSED and REMANDED.