[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12374
Non-Argument Calendar

_____

D. C. Docket No. 01-03704-CV-JOF-1

JAMES J. GORMLEY,

Plaintiff-Appellant,

versus

WILLIAM NIX, individually, and in his capacity as
a Senior U.S. Probation Officer,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 31, 2005)**

Before TJOFLAT, DUBINA and FAY, Circuit Judges.

PER CURIAM:

James J. Gormley appeals, pro se, the district court's sua sponte dismissal of his civil action, alleging a First Amendment violation under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and a violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq., for failing to comply a lawful court order. Gormley argues that the district court abused its discretion. For the reasons stated more fully below, we vacate and remand the district court's dismissal of Gormley's action.

On December 19, 2001, Gormley, a federal prisoner proceeding pro se, filed a "Civil Rights Complaint for Money Damages" alleging that United States Probation Officer William Nix, who supervised Gormley from December 1999 to January 2000 while Gormley was on bond following criminal convictions, refused to allow Gormley, a Roman Catholic, to attend Christmas Eve and Christmas Day mass with his family in violation of Gormley's First Amendment right to free exercise of religion under Bivens and the RFRA. The complaint sued Nix in his individual and official capacities and specifically alleged that, on or about December 22, 1999, Gormley phoned Nix and requested that he be permitted to attend the Christmas Eve "Children's Mass" with his wife and children. According to the complaint, Gormley's release conditions permitted him to: (1) go to his office to work between 6:30 a.m. and 8:30 p.m. Monday through Friday, with

2

reduced hours on Saturdays, and (2) attend mass every Sunday and he was being permitted to work on Christmas Eve (a Thursday), but Nix denied Gormley permission to attend the Christmas Eve mass because Gormley had not yet been under supervision for 30 days and, therefore, was not permitted the privilege of "leisure activities." Gormley alleged that this violated his First Amendment right to exercise his religious beliefs without serving a compelling government interest and, in the alternative, that the interest was not achieved using the least restrictive means. Gormley sought leave to proceed in forma pauperis.

The district court, in response, ordered Gormley to complete an authorization form to allow Gormley's prison to withdraw funds from his inmate account on an incremental basis. Soon thereafter, Gormley filed a motion for service of process indicating that he had paid the required filing fee in full and requesting that the court or the United States Marshals service locate and serve Nix because he did not have Nix's address. The record reflects that Gormley did, in fact, pay the filing fee. On June 19, 2002, however, the district court sua sponte dismissed Nix's case without prejudice, pursuant to Local Rule 41.3A(2),[1] for

---

[1] Northern District of Georgia Rule 41.3 provides that:

A. Dismissal Authorized. The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if:

   (1) A plaintiff or attorney willfully fails or refuses to make a case ready or refuses to cause a case to be made ready for placement on the trial

3

failure to comply with a lawful order of the court, after finding that Gormley had failed to either pay the filing fee or submit the required affidavit and authorization form.

Gormley filed a motion for reconsideration arguing that he had, in fact, paid the filing fee in full through a paralegal service. The court denied the motion, finding that even if Gormley had paid the filing fee, he did so in an untimely fashion and, therefore, had still violated a court order. Gormley then filed a motion to vacate the district court's ruling and a notice of appeal. On June 6, 2003, the district court granted Gormley's motion to vacate, finding that, under <u>Wilson v. Sargent</u>, 313 F.3d 1313 (11th Cir. 2002), Gormley had attempted to comply with the filing fee requirements and the dismissal was, therefore, improper. The court next addressed whether or not Gormley's claims were frivolous under 28 U.S.C. § 1915A and found that (1) Gormley's claim under the RFRA was frivolous

---

calendar; or
(2) A plaintiff or plaintiffs attorney shall, after notice, fail or refuse to appear at the time and place fixed for pretrial or other hearing or trial in a case or fail or refuse to obey a lawful order of the court in the case; or
(3) A case has been pending in this court for more than six (6) months without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case.

B. Adjudication on the Merits. In accordance with the provisions of Fed.R.Civ.P. 41(b), a dismissal for want of prosecution operates as an adjudication upon the merits of the action unless the court specifies otherwise in its order of dismissal.

4

because the United States Supreme Court had determined that the RFRA exceeded the scope of Congress' power under § 5 of the Fourteenth Amendment, but (2) Gormley's First Amendment claim would be allowed to proceed. The court then ordered that Gormley be provided USM 285 forms and summons to be completed and returned within 20 days so that the U.S. Marshals could serve the summons and complaint on the defendants. Gormley was warned that failure to comply could result in the dismissal of his action.

In response to the court's dismissal of his RFRA claim, Gormley filed a motion to vacate arguing that, while the RFRA was unconstitutional as applied to state and local actors under the Fourteenth Amendment, the Supreme Court had not ruled the Act unconstitutional as applied to federal actors, such as Nix, and that this Circuit had continued to apply the RFRA to federal actors. The district court agreed that its earlier ruling had been in error, but denied Gormley's motion on other grounds, i.e., frivolity, in that Gormley had failed to demonstrate a substantial deprivation of his opportunity to practice his religion and, therefore, could not state a claim under the RFRA.

Gormley filed a motion to reconsider arguing, inter alia, that the question of whether Nix's actions amounted to a substantial burden on his ability to practice religion was a question of fact that needed to be developed on the record, not

5

dismissed. He also filed a notice of appeal.

On April 5, 2004, the district court dismissed all of Gormley's claims pursuant to Local Rule 41.3A(2)[2] for failure to comply with the court's June 9, 2003, order that he fill out and return USM-285 forms within 20 days. Gormley filed a motion for an extension of time to file his papers for leave to appeal in forma pauperis. A notice of appeal and a motion to reconsider and/or vacate the district court's judgment were subsequently filed. In his reconsideration motion, Gormley argued that the court could not dismiss his case for failing to comply with a court order without first giving an inmate the opportunity to show cause for the failure. He then listed a number of reasons why he had been unable to comply, including: (1) being transported between May 12 and July 2, 2003, in order to appear in a criminal case in the Northern District of Ohio; (2) following his return, being placed in the "Special Housing Unit" ("SHU"); (3) having to work on filing a brief due in this Circuit on July 15, 2003; (4) having to work on a reply brief for a motion for a new trial in his own criminal case; (5) being in "lock down" for 23-plus hours per day with the exception of September 11-23, 2003, and December 15, 2003 through January 10, 2004; (5) having to work in the SHU law library

---

[2] The district court's order stated that it was dismissing the case pursuant to Rule 43.1A(2), but this appears to be in error, as a review of the local rules and the court's June 20, 2002, order (later vacated) dismissing Gormley's case for failing to comply with a lawful court order demonstrate. See Local Rule 41.3.

6

without a working typewriter and severe restrictions on available materials; (6) working on exhausting his administrative remedies in order to file a constitutional right of access to the Courts claim; and (7) being transported numerous times, and each time, having the Bureau of Prisons withhold his legal files and mail, preventing him from having access to the materials he needed to comply with the court's original order. He further argued that equitable tolling should be applied because of the time he spent in "lock down" and SHU.

The district court denied the motion, finding that Wilson v. Sargent was inapposite to the filing of USM-285 forms and further finding that Gormley's claims of being in transit and not having time to file the forms unpersuasive. It also found that Gormley had the ability to file a motion for extension of time and that Gormley had managed to file at least six other substantial motions with various federal courts as well as initiate administrative proceedings with the Bureau of Prisons during the interim period. The court was also unpersuaded that Gormley was entitled to equitable tolling. Gormley appeals the district court's dismissal of his claims.

On appeal, Gormley argues that the district court abused its discretion by dismissing his claims, first pointing out to this Court that he has frequently been in transit or held in 23-hour "lock-down" in a SHU during the relevant times of this

civil action. He argues that the district court's order did not even reach Gormley until 10 days after the time in which to comply with the order had expired and, as a result of being in SHU lock-down, did what he could to comply with the court's order by contacting an Atlanta-area attorney to help him locate Nix's address, which was apparently unlisted. Gormley argues, on the basis of Wilson v. Sargent, that a district court may not dismiss a pro se prisoner's complaint for failure to follow a court order without first having made an effort to determine what efforts, if any, had been made to comply and, furthermore, giving the inmate a chance to respond and show that the failure to comply was for reasons other than blatant disregard for the order. While he admits that he could have communicated his problems more effectively to the court, Gormley argues that dismissal of his case before the defendant had even been served denied him fair procedures and he further argues that this Court should hold that the period in which to comply with a court order should be tolled while a prisoner is in the SHU.

We review a district court's dismissal of an action pursuant to local rules, such as Local Rule 41.3A for an abuse of discretion. See Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993) (reviewing for abuse of discretion a district court's dismissal of an action pursuant to a local rule for want of prosecution); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981) (holding that district

8

courts have the power to direct and control cases on its docket, including the power to dismiss a case). "A district court has authority under Federal Rule of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules." Kilgo, 983 F.2d at 192. "However, because the penalty is so drastic, a district court may dismiss a case with prejudice only where 'there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" Id. (citation omitted). "Mere delay will not suffice; '[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal.'" Id. at 192-93 (citation omitted); see also McKelvey v. AT&T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986) ("the severe sanction of dismissal--with prejudice or the equivalent thereof--should be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff."); Goforth v. Evans, 766 F.2d 1533, 1535 (11th Cir. 1985) ("Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances.").

As a preliminary matter, Fed.R.Civ.P. 41 provides that a district court has the power to sua sponte dismiss a plaintiff's action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . .

9

operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b). Pursuant to Local Rule 41.3A(2), the District Court for the Northern District of Georgia may, with or without notice to the parties, dismiss a civil case for want of prosecution if a plaintiff refuses to obey a lawful order of the court. See N.D. Ga. L.R. 41.3A(2). A dismissal for want of prosecution operates as an adjudication on the merits unless the court specifies otherwise. See N.D. Ga. L.R. 41.3B. In the instant case, the district court's order dismissing Gormley's action does not state that it was without prejudice and, therefore, pursuant to Fed.R.Civ.P. 41(b) and Local Rule 41.3B, the dismissal is treated as one on the merits and with prejudice.

Next, Gormley's reliance on Wilson v. Sargent for the proposition that a district court has an obligation to inquire regarding an inmate's attempts to comply with a court order, and give an inmate a chance to respond, is misplaced.

Neither the facts nor the reasoning of Wilson is directly on point with Gormley's case. In Wilson, the court order was an in forma pauperis order requiring a prisoner to either pay the filing fee up front or in installments. Id. at 1318; 28 U.S.C. §§ 1915(3)(b)(1), (b)(4). Unlike in Wilson, where a prisoner had to authorize prison officials to withdraw and pay funds, thereby placing the timeliness of payments in the hands of the prison officials, the USM-285 form is filled out directly by the prisoner and placed in the mail. Wilson, 313 F.3d at

10

1320-21; USM-285 Form. While it is possible that prison officials could withhold the mailing of the form, that issue was not before us in <u>Wilson</u> and, in any event, nothing in <u>Wilson</u> appears to govern anything other than the narrow issue of whether an inquiry need be made into a prisoner's attempt to comply with the filing fee requirements for <u>in forma pauperis</u> standing. Because the filing of a USM-285 Form is more firmly in control of the prisoner than the payment of filing fees from prison trust accounts, <u>Wilson</u> is not controlling precedent on this issue.[3]

In any event, while Gormley makes an argument for an extension of <u>Wilson</u> to his case, we need not address the issue because the district court's actions require a reversal for a separate legal ground. In <u>Kilgo</u>, we held that, "because the penalty is so drastic, a district court may dismiss a case with prejudice only where 'there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" <u>Kilgo</u>, 983 F.2d at 192. "[A] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." <u>Id.</u> at 192-93.

---

[3] Gormley also filed with this Court, pursuant to Fed.R.App.P. 28(j), a letter of supplemental authority bringing to this Court's attention the United States Supreme Court decision in <u>Locke v. Davey</u>, 540 U.S. 712, 124 S.Ct. 1307, 158 L.Ed.2d 1 (2004) and a Sixth Circuit decision in <u>Cutter v. Wilkinson</u>, 349 F.3d 257 (6th Cir. 2003). We have reviewed both decisions and do not find that they have any applicability to the issue on appeal

Here, the record does not appear to clearly demonstrate a record of delay or willful contempt. Gormley admits in his brief that he could have more effectively communicated with the district court regarding the circumstances of his confinement and attempts to determine Nix's address. (Blue Brief at 15-16). It further reflects that, as early as April 10, 2002, Gormley had requested assistance in locating and serving Nix. Thus, it would seem contradictory that Gormley would willfully be delaying the proceedings by failing to fill out the USM-285 form, which is used to effectuate service of process on the defendant.

Furthermore, in Kilgo, we noted that, while we had, in certain instances, found that a district court's findings regarding the propriety of lesser sanctions could be inferred, such as where there was prejudice to the defendants, we had, nonetheless, "never suggested that the district court need not make that finding." Id. at 193. Here, the defendant has not yet been served and, thus, it appears unlikely that a lesser sanction would prejudice him. In short, Gormley's circumstances as a pro se prisoner, leading to an eight-month delay in filling out the court ordered USM-285 form, do not appear to be the result of contumaciousness, willful delay, or so extreme as to warrant the use of a sanction of "last resort." If it were the result of such circumstances, the district court has failed to be clear regarding those findings. Finally, the district court failed to make

12

any findings regarding the effectiveness of other sanctions, proceeding straight to the harshest sanction available despite having had the opportunity to correct Gormley's failure to comply. See Burden, 644 F.2d at 505. The sanction appears especially harsh where, as here, Gormley is a pro se prisoner and the defendant has yet to be served with notice of the cause of action against him.

Accordingly, we conclude that the district court abused its discretion and vacate and remand the district court's sua sponte dismissal with prejudice of Gormley's civil action because it failed to demonstrate such extreme circumstances as to warrant such a harsh sanction in the absence of a finding that other sanctions would be ineffective or inappropriate.

**VACATED AND REMANDED.**