[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 4, 2011
JOHN LEY
CLERK

No. 10-14578
Non-Argument Calendar

_____

D.C. Docket No. 2:06-cv-00179-CEH-SPC

DANIEL W. MCMAHON,

Plaintiff-Appellant,

CAROLYN STEPP,

Plaintiff,

versus

CLEVELAND CLINIC FOUNDATION
POLICE DEPARTMENT, et al.,

Defendants,

JOSE LOPEZ,
DON HUNTER,
individual,
LYNN ANN GIZZI,
DAVID JOLICOEUR,
SANDY LEE HURTADO,
Dispatcher on 7/1/08, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 4, 2011)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel McMahon, a private citizen proceeding *pro se*, appeals the district

court's dismissal of his third amended complaint filed against numerous individual

defendants, the court's denial of his motion for an emergency injunction and

temporary restraining order, and the court's denial of his request to receive

electronic notification of court filings. After a thorough review of the record, we

affirm.

I.

This case arises from McMahon's several arrests in connection with his

interaction with the staff and security officers of the Cleveland Clinic in Naples,

Florida, in 2003 and 2004. In April 2006, McMahon filed a complaint against

numerous named defendants, including the Cleveland Clinic, the Collier County

Sheriff's Office ("CCSO"), the Office of the State Attorney for the 20th Judicial

Circuit of Florida ("State Attorney's Office"), and several individual employees of

those organizations, including CCSO Deputy Jose Lopez, alleging violations of 42 U.S.C. §§ 1983, 1985, and 1986, the Fifth and Fourteenth Amendments, and state law claims of malicious prosecution and malicious abuse of process.

Thereafter, the court struck McMahon's complaint as a "shotgun pleading," noting that McMahon's allegations were "rambling, disorganized, predominately incoherent and peppered with irrelevancies." The court allowed McMahon to file an amended complaint and instructed him to plead his allegations "in a concise, coherent manner that sets forth recognized causes of action in numbered counts against specific defendants that remain parties to this action."

McMahon filed an amended complaint, which alleged similar facts regarding his arrests, but named fewer defendants. McMahon's factual allegations regarding his two arrests were similar to those set forth in his initial complaint.

McMahon then filed a motion to amend his complaint to add claims arising out of events involving the SWAT team and his wife in July 2008. The court granted the motion to amend, and McMahon filed a second amended complaint against numerous CCSO employees and several unnamed "John Doe" CCSO employees. The second amended complaint totaled 73 pages and contained 23 pages of general allegations and 43 counts, reasserting similar facts to the first two complaints regarding his first two arrests, but adding numerous facts relating to his

July 2008 arrest by the SWAT team at his house. Then Sheriff Kevin Rambosk filed a motion for a more definite statement, arguing that the convoluted nature of the second amended complaint did not put him on notice as to what claims McMahon had filed against him or the other defendants, or under what theory of law those claims were presented. After holding a status conference, the court ordered McMahon to file a third amended complaint.

Accordingly, McMahon filed a third amended complaint, which was 258 pages long, divided into 34 pages of "General Allegations," and included 213 specific counts. This complaint named 18 defendants and 17 "John Doe" defendants, all employees of the CCSO. In the "General Allegations" section, McMahon realleged the same basic facts that had supported his prior three complaints. McMahon's 213 counts alleged (1) federal claims of malicious prosecution, interference and retaliation under the Americans with Disabilities Act (ADA), conspiracy, false arrest, false imprisonment; (2) state law claims of malicious prosecution, intentional and negligent infliction of emotional distress, trespassing, false imprisonment, false arrest; (3) constitutional violations of his First and Fourth Amendment rights, due process rights, and right to privacy; and (4) violations under Florida's Sunshine Law, Fla.Stat.Ann. § 119.07. These specified counts did not incorporate or refer back to any of the factual allegations

4

provided in the "General Allegations" section and did not contain any factual detail themselves.

As the case progressed, McMahon filed (1) a motion to receive electronic notification of court filings so that he could have a longer period of time to respond, and (2) an emergency motion for injunctive relief and a restraining order against the CCSO and 20th Judicial Circuit, alleging that he was forced to leave the country because of death threats made by agents of the CCSO and "most likely" the 20th Judicial Circuit. The court denied both motions, finding that there was no good cause to allow McMahon access to electronic notification or filing, and that McMahon had failed to satisfy the requirements of Fed.R.Civ.P. 65(b) and the court's local rules to be entitled to an injunction or restraining order.

Upon the recommendation of a magistrate judge, and over McMahon's objections, the district court concluded that the third amended complaint was "a shotgun pleading that is due to be dismissed because the litany of facts and numerous counts are disjointed and incoherent." Accordingly, the district court dismissed the complaint without prejudice. This is McMahon's appeal.

II.

On appeal, McMahon challenges the district court's dismissal of his third

amended complaint, the denial of his request for injunctive relief, and the denial of access to the electronic filings. We address each issue in turn.

A. Dismissal of the Third Amended Complaint

We review a district court's dismissal for failure to comply with the court's rules for abuse of discretion. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). We also review a dismissal under Fed.R.Civ.P. 41(b) for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Rule 41(b) allows a defendant to move to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b). Despite the plain language of Rule 41(b) indicating that a defendant may move for dismissal, a district court may *sua sponte* dismiss a case under the authority of either Rule 41(b) or the court's inherent power to manage its docket. *Betty K Agencies, Ltd.*, 432 F.3d at 1337. "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Although we construe pleadings filed by *pro se* parties liberally, *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), this "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient

6

pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds*, *see Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(a)(2), (d)(1). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (ellipses in original). With this in mind, we have routinely condemned "shotgun" pleadings. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 & n.54 (11th Cir. 2008). A "shotgun pleading" is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

In this case, the district court did not abuse its discretion in dismissing

7

McMahon's third amended complaint without prejudice because it was a shotgun pleading filed in violation of the court's order.[1] Further, McMahon filed defective amended complaints despite having received notice of the pleading requirements and a warning that the court would not tolerate shotgun pleadings after it dismissed his original complaint for similar deficiencies.

Because of McMahon's continued noncompliance with the Federal Rules of Civil Procedure and the court's order to file a proper third amended complaint, the district court did not abuse its discretion in dismissing his action.

B.  Denial of Injunctive Relief[2]

We review the decision to deny a preliminary injunction for abuse of discretion, reviewing the district court's findings of fact for clear error and its legal conclusions *de novo*. *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir. 2010).

---

[1] A dismissal without prejudice is tantamount to a dismissal with prejudice when the plaintiff is barred from refiling his complaint by the statute of limitations. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981). Dismissal with prejudice is "a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice." *Id.* Although the statute of limitations has run with respect to McMahon's claims arising in 2003 and 2004, which effectively means that those claims have been dismissed with prejudice, the sanction did not amount to abuse of discretion here because McMahon jeopardized those claims by filing two defective complaints that added numerous new defendants and claims to his complaint after the statute of limitations had run on those claims.

[2] Although the appellees argue that we lack jurisdiction because McMahon failed to specify this issue in his notice of appeal, we disagree. "[T]he appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." *Barfield v. Brierton*, 883 F.2d 923, 930 (11th Cir. 1989).

The grant of "a preliminary injunction in advance of trial is an extraordinary remedy." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). A district court may grant injunctive relief only if the moving party shows that:

> (1) [it has] a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Id.* If the plaintiff fails to show a substantial likelihood of success on the merits, the court need not consider the other requirements. *Id.*

Additionally, the version of Fed.R.Civ.P. 65 in effect at the time of McMahon's motion for a temporary restraining order stated that:

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b) (2008).

Here, we conclude that the district court did not abuse its discretion in denying McMahon's motion for a temporary restraining order because he failed to provide any of the information required by Rule 65(b). Fed.R.Civ.P. 65(b) (2008).

9

Furthermore, it is clear that McMahon did not allege, much less satisfy the burden of persuasion in proving, that his claim had a substantial likelihood of success on the merits, which is a prerequisite to the grant of a preliminary injunction. *Bloedorn*, 631 F.3d at 1229.

### C. Denial of Electronic Notification of Court Filing

We give "great deference to a district court's interpretation of its local rules" and review "a district court's application of its local rules for an abuse of discretion." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1302 (11th Cir. 2009). To satisfy the abuse of discretion standard, a plaintiff must show that the district court made a clear error of judgment. *Id.*

The Middle District of Florida local rules state that the court "may prescribe by administrative order procedures for electronic filing and related matters in civil and criminal cases. The administrative order shall govern, notwithstanding these rules, which otherwise will govern to the extent not inconsistent with the administrative order." M.D. Fla. L.R. 1.01. The Middle District's administrative procedures regarding the CM/ECF system state that "[u]nless authorized to file electronically, a pro se filer shall file any pleading and other paper in paper format. If authorized to file electronically, the pro se filer must follow these procedures." "CM/ECF Administrative Procedures," Middle District of Florida, Mar. 15, 2007,

at 10.

In this case, the court did not abuse its discretion in denying McMahon access to CM/ECF to receive electronic notifications, as it found no good cause under the circumstances of the case to authorize his access.

For the foregoing reasons, we affirm.

**AFFIRMED.**