[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15393
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01312-JEC


RICHARD V. HARRISON,

Plaintiff - Appellant,


versus


BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,
CHERRYL F. ARNOLD,
individually and in her official capacity as Director of Georgia State
University ("GSU") Office of Educational Opportunity and TRIO Programs,
EVERETT L. BOYER,
individually and in his official capacity as Project Director of GSU's
Educational Opportunity Center,
DETHRA U. GILES,
Individually and in her official capacity as GSU's Director of Employee Relations,
DOUGLAS F. COVEY, SR.,
individually and in his official capacity as the GSU's Vice President for Student
Affairs,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 17, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Harrison, proceeding *pro se*, appeals the district court's dismissal of his complaint under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.[1]  After careful review, we affirm.

Harrison sued the Board of Regents of the University System of Georgia and four individual defendants (collectively, the Defendants) in connection with the termination of his employment at Georgia State University.  His first amended complaint contained 285 paragraphs of factual allegations.  It alleged Title VII claims of retaliation, hostile work environment, sex and national origin discrimination; 42 U.S.C. § 1983 claims for violations of the First and Fourteenth Amendments; and three state-law claims.  Each count incorporated by reference all 285 paragraphs of factual allegations.  And the complaint contained numerous conclusory allegations.

---

[1] Harrison also contends that the magistrate judge and district judge should have recused themselves from his case. But because he points to no facts from which we could conclude that "an objective, fully informed lay observer would entertain significant doubt about [their] impartiality," this argument fails. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

2

The Defendants moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim.  A magistrate judge recommended that some of the claims be dismissed for reasons not relevant to this appeal and also noted that Harrison's complaint was "a typical 'shotgun' pleading," recommending that he "be given leave to file a substituted amended complaint that complies with the Federal Rules of Civil Procedure."  Specifically, the magistrate judge instructed Harrison to "delete all conclusory legal allegations and all legal arguments; eliminate the 'shotgun' pleading provisions of the original complaint; plead each separate cause of action in a separate count; and make a **short** and **plain** statement of the factual allegations supporting each specifically pleaded cause of action."  The district court adopted these recommendations and warned Harrison that his case would be dismissed if he failed to submit an appropriate amended complaint.

When Harrison filed his second amended complaint, it was 82 pages long and contained 231 paragraphs of factual allegations.  As before, each of the counts incorporated by reference all 231 paragraphs.  And the complaint still contained many legal conclusions and arguments.  The Defendants moved to dismiss the second amended complaint under Rule 41(b) for failure to comply with the district court's order.  The magistrate judge recommended that the district court dismiss the complaint with prejudice.  Harrison objected to the recommendation and submitted a proposed third amended complaint with his objection.  The district

3

court adopted the magistrate judge's recommendation, refused to consider Harrison's third amended complaint, and dismissed Harrison's case.[2]  Harrison now appeals.

We review a district court's dismissal under Rule 41(b) for an abuse of discretion.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Rule 41(b) allows a defendant to move to dismiss a case for, among other reasons, the plaintiff's failure to comply with a court order.  Fed. R. Civ. P. 41(b).  "Dismissal . . . is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice."  *Gratton*, 178 F.3d at 1374.

The record indicates that Harrison willfully violated the court's instructions regarding the filing of his second amended complaint.  Despite specific instructions to the contrary, the second amended complaint contained conclusory legal allegations, did not allege specific facts in support of the distinct causes of action, and, at 82 pages and 295 paragraphs in length, could not be characterized as "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Additionally, Harrison's ability to submit a

---

[2] The district court dismissed some claims with prejudice and some without.  But because Harrison argues, and the Defendants do not dispute, that the relevant statutes of limitations for the claims dismissed without prejudice prohibit Harrison from refiling, we treat all of the claims as if they were dismissed with prejudice.  *See Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) (noting that where the statute of limitations bars refiling a claim dismissed without prejudice, such a dismissal is "tantamount to a dismissal with prejudice"); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (adopting as binding precedent all decisions of the former Fifth Circuit issued on or before September 30, 1981).

4

proposed third amended complaint that was less than half the length of the second and identified specific facts in support of at least some of the counts demonstrates his failure to do so in the first instance was a willful violation of the court's order.

The district court was also within its discretion to conclude that lesser sanctions were not appropriate. Harrison's second amended complaint was a classic example of a "shotgun" pleading, which we have condemned as "wreak[ing] havoc on the judicial system" and "divert[ing] already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." *Wagner v. First Horizon Pharma. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (internal quotation marks omitted). The district court had already devoted substantial time to the consideration of Harrison's previous complaints, and granting Harrison leave to amend a third time would require the expenditure of even more judicial resources. And the district court had specifically warned Harrison that his case would be dismissed if the second amended complaint was another "shotgun" pleading. On these facts, we cannot say that the district court abused its discretion. *See Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

For the above reasons, the district court's dismissal of Harrison's case is

5

**AFFIRMED**.