[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13451

Non-Argument Calendar

_____

SAMUEL LEE SMITH, JR.,

Plaintiff-Appellant,

*versus*

STUART PERKINS,
MIAMI-DADE POLICE DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-21548-MD

_____

Before ROSENBAUM, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Samuel Lee Smith, Jr., appeals the dismissal with prejudice of his *pro se* 42 U.S.C. § 1983 civil-rights action for failure to prosecute. After careful review, we vacate and remand.

In April 2024, Smith filed a *pro se* complaint under § 1983 arising out of events at the Lawson E. Thomas Court Center in Miami, Florida. The complaint alleged that Miami-Dade County Police Officer Stuart Perkins "violated [Smith's] rights" and engaged in "improper procedure" and "retaliation." But the complaint lacked any supporting factual allegations for those legal assertions.

Citing the lack of factual support, the district court *sua sponte* dismissed the complaint without prejudice for failure to state a claim under 18 U.S.C. § 1915(e)(2)(B)(ii). But the court found that amendment would not be futile, "given that it is not clear what Plaintiff is alleging," so it gave Smith 30 days to file an amended complaint. When nothing was filed within 30 days, the court ordered that the case was "**DISMISSED WITH PREJUDICE** for failure to prosecute." Smith timely appeals.

Based on a liberal construction of his brief on appeal, Smith argues that the district court abused its discretion by dismissing the case with prejudice. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed."). Smith claims he did not receive the order dismissing the complaint without prejudice, so his failure to file an amended complaint was inadvertent and should not warrant dismissal with prejudice and without further notice.

We review a district court's dismissal for failure to prosecute or to comply with a court order for abuse of discretion. *Betty K Agencies, LTD. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). Dismissal with prejudice is a "drastic remedy" warranted only "where a lesser sanction would not better serve the interests of justice." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. May 1981) (quotation marks omitted).[1] Thus, before a district court dismisses a case with prejudice for failure to prosecute or to comply with a court order, "[t]here must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *see Betty K Agencies*, 432 F.3d at 1337–38. But "[m]ere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct." *Zocaras*, 465 F.3d at 483.

"We rigidly require the district courts to make these findings precisely because the sanction of dismissal with prejudice is so unsparing, and we strive to afford a litigant his or her day in court, if possible." *Betty K Agencies*, 432 F.3d at 1339 (cleaned up).

---

[1] This Court has adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

4                    Opinion of the Court                    24-13451

Here, the district court abused its discretion.  The dismissal order merely notes that Smith did not file an amended complaint within 30 days after his initial complaint was dismissed without prejudice.  But the court made no finding that Smith's failure to file an amended complaint—which he attributes to lack of notice—was "willful or contumacious," or that lesser sanctions were inadequate.  *Id.* at 1339–40.  Under our binding precedent, "[t]he district court's failure to make either finding was a clear abuse of discretion."  *Id.* at 1340.  And nothing in the record tends to suggest that Smith's conduct went beyond more than "mere negligence or confusion."  *Zocaras*, 465 F.3d at 483.

Accordingly, we vacate the order dismissing Smith's action with prejudice.

**VACATED AND REMANDED.**