[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12285

Non-Argument Calendar

_____

YOLANDA HERNANDEZ,

Plaintiff-Appellant,

*versus*

CAREERSOURCE PALM BEACH COUNTY, INC.,
PALM BEACH WORKFORCE DEVELOPMENT
CONSORTIUM,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81149-AMC

———————————

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Yolanda Hernandez appeals the dismissal of her amended complaint alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 ("FCRA"), by her former joint employers, the Palm Beach Workforce Development Consortium (the "Consortium") and CareerSource Palm Beach County, Inc. ("CareerSource"). The district court dismissed Ms. Hernandez's amended complaint, with prejudice, because it constituted an impermissible shotgun pleading and because it failed to state a claim for relief.

Ms. Hernandez raises three issues on appeal. First, she argues that the district court abused its discretion by dismissing her amended complaint as a shotgun pleading. Second, she contends that the district court abused its discretion by dismissing her FCRA claim with prejudice, thus depriving her of the opportunity to refile that claim in state court. Third, she asserts that the district court erred in discounting her comparators and speculating as to her employers' reason for terminating her.

The Equal Employment Opportunity Commission ("EEOC") filed an *amicus* brief raising three arguments in support of Ms. Hernandez's appeal.  First, the EEOC contends that the amended complaint was not a shotgun pleading because it substantially cured the defects the district court identified in her original complaint.  Second, the EEOC maintains that the district court erred in dismissing all claims with prejudice rather than allowing Ms. Hernandez an opportunity to re-file her FCRA claim in state court.  Third, the EEOC argues that the district court improperly applied the framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), at the pleading stage by finding Ms. Hernandez's comparators insufficient to support her claim of gender discrimination.

After reviewing the record and the parties' arguments, we reverse the district court's order of dismissal and remand this case for further proceedings consistent with this opinion.

## I

According to the operative amended complaint, Ms. Hernandez was employed by the Consortium and CareerSource, as joint employers, from July 2016 to July 13, 2021.  Prior to her termination, Ms. Hernandez was employed as a Program Manager, a job she performed in a satisfactory manner.  Ms. Hernandez alleged that she was terminated based on unfounded rumors that she was having an affair with her employers' former Chief Executive Officer, a rumor she alleged was spread by the former Chief Executive Officer's ex-wife.  Ms. Hernandez alleged that she was treated differently than similarly situated males and was terminated on

account of her gender. Specifically, Ms. Hernandez alleged that her employers terminated her under the pretext of eliminating her position, but instead reassigned the position to another employee.

To support her gender-based discrimination claim, Ms. Hernandez identified two male executives who were suspected of having extramarital affairs with subordinates but were treated more favorably on account of their gender—namely, they were not disciplined or terminated. First, a male Vice-President was discovered having sex with a subordinate in a conference room, but no action was taken against him despite the incident being reported to human resources. Second, a male Chief Operating Officer was rumored to be having an affair with a subordinate whom he later married when his wife died, but, again, no disciplinary action was taken against him.

Ms. Hernandez brought claims under Title VII and the FCRA. The Consortium and CareerSource moved to dismiss the amended complaint, and the district court granted the motion on the report and recommendation of a magistrate judge. First, the district court ruled that the amended complaint was a shotgun pleading because Ms. Hernandez improperly combined her Title VII and FCRA claims in one count, despite the claims being rooted in different statutes. Second, the district court found that Ms. Hernandez's two alleged comparators—the male Vice President and the male Chief Operating Officer—were insufficient to establish a prima facie case for gender discrimination because they materially differed from Ms. Hernandez. The district court dismissed the

amended complaint with prejudice as to all of Ms. Hernandez's claims.  This appeal timely followed.

## II

We review *de novo* a district court's grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008).  We view the complaint in the light most favorable to the non-moving party, accepting the complaint's well-pleaded facts as true.  *See id.*  To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We review the district court's dismissal of a complaint on shotgun pleading grounds for an abuse of discretion.  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  Under the abuse-of-discretion standard, we will generally affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard.  *See Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).

## III

Ms. Hernandez argues that the district court abused its discretion by dismissing her amended complaint with prejudice as an impermissible shotgun pleading.  She contends that there was no confusion due to her single claim of gender-based discrimination.  Although the amended complaint is technically a shotgun pleading

because it included the Title VII and FCRA claims in a single count, we conclude that the district court abused its discretion by dismissing the amended complaint with prejudice rather than without prejudice.

An impermissible shotgun pleading "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. A true shotgun pleading is "calculated to confuse the enemy, and the court," by weaving claims together such that it is impossible for the opposing party to "discern what [the plaintiff] is claiming and frame a responsive pleading . . . ." *Id.* at 1320 (citation and internal quotation marks omitted). Dismissing a complaint as a shotgun pleading is appropriate where "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (citation omitted). Although we have identified four categories of shotgun pleadings, only one is relevant here: a complaint that does not separate each cause of action or claim for relief into separate counts. *See id.* at 1321–23.

A district court may dismiss a complaint on shotgun pleading grounds under its "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). "When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend," a district court must *sua sponte* give the litigant an opportunity to replead

23-12285                Opinion of the Court                7

before dismissing with prejudice on non-merits shotgun pleading grounds.  *See id.* at 1296.  A "dismissal with prejudice is a 'drastic remedy' that only is proper in extreme circumstances when lesser sanctions are not feasible." *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983) (quoting *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981)).  Such a dismissal, though permitted, is only "warranted under certain circumstances." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

The district court abused its discretion by dismissing Ms. Hernandez's amended complaint with prejudice, rather than without prejudice, on shotgun pleadings grounds.  The district court was correct that the amended complaint exhibited some of the classic pleading deficiencies of a shotgun pleading.  For example, the amended complaint raised an age discrimination claim under the Older Workers Benefits Protection Act and gender discrimination claims under Title VII and the FCRA.  *See* D.E. 14 at 4–5; *Weiland*, 792 F.3d at 1321–23.  Yet, Ms. Hernandez stated in multiple filings that she was not pursuing an age discrimination claim.  *See, e.g.,* D.E. 21 at 3–4 ("It ought to be sufficiently clear that there [is] only one substantive issue for determination in the Amended Complaint. That issue is sex discrimination. . . . There is but a single claim here[—]gender discrimination."); D.E. 25 at 4–5 ("It ought to be sufficiently clear that there [is] only one substantive issue for determination in the Amended Complaint. That issue is gender discrimination. . . . There is but a single claim here[—]gender

discrimination."). As a result, the shotgun pleading problem was limited to combining the Title VII and FCRA claims in a single count.

Though the amended complaint technically was a shotgun pleading, dismissal with prejudice was an unwarranted "drastic remedy[.]" *Quality Foods de Centro Am., S.A.*, 711 F.2d at 998 (citation omitted). Ms. Hernandez claimed gender discrimination—albeit under different statutes—and those statutes, Title VI and the FCRA, "are analyzed under the same framework." *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010). The Consortium and CareerSource could not have been confused by, and unable to defend, the discrimination claims in the amended complaint. *See, e.g.*, *Pinson v. JPMorgan Chase Bank, Nat'l Assoc.*, 942 F.3d 1200, 1208 (11th Cir. 2019) (concluding that a *pro se* complaint was not shotgun pleading because the defendant "had [no] trouble understanding" the claims, did not seek a more definite statement, and addressed the claims on the merits).

This is not the case of "a rambling, dizzying array of nearly incomprehensible pleading which still fail[ed] to provide a short and plain statement justifying relief." *Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (emphasis removed). Nor is it "virtually impossible to know which allegations of fact are intended to support" the Title VII and FCRA claims. *See Weiland*, 792 F.3d at 1325 (citation omitted and emphasis removed). Although the amended complaint improperly combined the Title VII and FCRA claims in one count, the district court abused its discretion by dismissing the

amended complaint with prejudice rather than allowing Ms. Hernandez another opportunity to file an amended complaint separating the Title VII and FCRA gender discrimination claims into two counts. We therefore set aside the dismissal of the amended complaint with prejudice.

## IV

Ms. Hernandez also challenges the district court's dismissal of her amended complaint for failure to state a claim. She argues that the district court improperly discounted her two comparators and speculated as to the reasons for her termination without evidentiary support. The EEOC, as noted, filed an *amicus* brief in support of Ms. Hernandez in which it argues that the district court improperly applied a summary judgment standard when evaluating Ms. Hernandez's two comparators under the *McDonnell Douglas* burden-shifting framework. Ms. Hernandez adopted the EEOC's argument in her reply brief.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570). It "must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted).

At the pleading stage in the Title VII context, this means a plaintiff must provide enough factual matter, taken as true, to plausibly suggest intentional discrimination. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). A plaintiff need not "plead more facts than he may ultimately need to prove to succeed on the merits . . . ." *Swierkiewicz*, 534 U.S. at 511–12 ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.").[1]

"Plausibility" is the lodestar that controls review of a complaint. Although "[t]he allegations must be plausible, . . . plausibility is not probability." *Lane v. Philbin*, 835 F.3d 1302, 1305 (11th Cir. 2016). *See also Dean v. Warren*, 12 F.4th 1248, 1256 (11th Cir. 2021) (noting that "[p]lausibility rests between 'possibility' and 'probability'") (quoting *Iqbal*, 556 U.S. at 678–79). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence . . . that the pleader is entitled to relief." *Twombly*, 550 U.S. at 556–57 (internal quotation marks omitted). Thus "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (citation and internal quotation marks omitted).

---

[1] *Swierkiewicz* was cited with approval in *Twombly*, 550 U.S. at 569–70, so it is still good law in the Title VII context.

We conclude that the district court erred in applying a summary judgment standard to assess the allegations of Ms. Hernandez's complaint. We have expressly held that it is error for a district court to apply the *McDonnell Douglas* standard at the motion to dismiss stage. *See Surtain*, 789 F.3d at 1245–46.

Although Ms. Hernandez did not make this point in her initial brief, we have held that "parties cannot waive [or forfeit] the application of the correct law or stipulate to an incorrect legal test." *United States v. Holland*, 117 F.4th 1352, 1360–61 (11th Cir. 2024). Instead, "[w]hen an issue or claim is properly before" us, we "retain[ ] the independent power to identify and apply the proper construction of governing law" and are "not limited to the particular legal theories advanced by the parties." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991); *see also United States v. Undetermined Quantities of All Articles of Finished and In-Process Foods*, 936 F.3d 1341, 1350 (11th Cir. 2019). Ms. Hernandez has raised the issue of the district court dismissing her Title VII claim based on a comparator analysis. And, under our precedents, she is correct because it is error to apply that summary judgment standard at the motion to dismiss stage.

## V

We conclude that the district court abused its discretion by dismissing Ms. Hernandez's amended complaint on shotgun pleading grounds with prejudice rather than without prejudice. We also conclude that the district court erred in dismissing the amended complaint on the merits for failure to properly allege a claim for

12                    Opinion of the Court                    23-12285

gender discrimination.  We therefore reverse the district court's dismissal and remand this case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**