PER CURIAM:
Through Creative Capital Consortium, LLC, and several related entities, George Theodule promised investors that they could double their money, with little or no financial risk, within 90 days. Despite the outlandish promised rate of return, or perhaps because of it, many persons and entities gave Mr. Theodule their money. But the rate was, of course, too good to be true; Mr. Theodule operated a massive Ponzi scheme in which he used the money of newer investors to make it seem as though the older investors were reaping the incredible profits he had promised. By the time the Securities and Exchange Commission filed suit in late 2008, Mr. Theodule and his companies had pilfered tens of millions of dollars.
Jonathan Perlman, the court-appointed receiver for Creative Capital Consortium and its related entities, sued Bank of America — where Mr. Theodule and his entities had personal and business accounts — alleging in relevant part that it aided and abetted a breach of fiduciary duty, and that it violated the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101 et seq., by acting as the initial transferee of millions of dollars fraudulently transferred between accounts maintained at Bank of America. As receiver of *812 the Theodule entities (and an alleged creditor within the meaning of the FUFTA), Mr. Perlman sought to void the fraudulent transfers and recover their value.
The district court dismissed all of the claims with prejudice, ruling that the atypical banking transactions alleged in the amended complaint were insufficient to establish aiding and abetting liability, and that Bank of America could not be liable under FUFTA because it acted as a “mere conduit” for the transfers. The district court also denied Mr. Perlman’s Rule 59(e) motion to alter and amend the judgment because it was untimely.
On appeal, Mr. Perlman argues that the district court should not have dismissed his FUFTA claims based on the “mere conduit” defense, that the district court should have granted him leave to amend, and that the district court erred in denying his Rule 59(e) motion. Although we conclude that the district court was not required to grant leave to amend, and properly denied the Rule 59 motion, we reverse the dismissal of the FUFTA claims. The “mere conduit” theory is an affirmative defense that Mr. Perlman did not have to anticipate or negate in his complaint, and that defense was not apparent from the face of the amended complaint.
I[1]
“[T]o survive a motion to dismiss, a complaint must [ ] contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Am. Dental Ass’n v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir.2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Nevertheless, “a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]” Twombly, 550 U.S. at 556, 127 S.Ct. 1955.
The district court, relying on our unpublished decision in Lawrence v. Bank of America, N.A., 455 Fed.Appx. 904, 907, 2012 WL 89904 (11th Cir.2012) (holding that atypical transactions are insufficient to give a bank “providing only routine banking services” actual knowledge of an alleged Ponzi scheme — because Florida law does not require such a bank to “investigate [a client’s] transactions” — and affirming dismissal of claims alleging that bank aided and abetted a fraudulent scheme), dismissed all of Mr. Perlman’s claims with prejudice. It concluded that Mr. Perlman had merely pled the existence of atypical transactions which, in its view, constituted an insufficient predicate for establishing aiding and abetting liability under Florida law. It then extended the logic of Lawrence — a non-FUFTA case — to encompass Mr. Perlman’s FUFTA claims, and held that the four corners of the operative complaint conclusively demonstrated that Bank of America was a mere conduit for the assets at issue. See Perlman v. Bank of Am., N.A., No. 11-80331-CV, 2012 WL 1886617, at *2 (S.D.Fla. May 23, 2012) (“[T]he face of the Amended Complaint makes clear that the Bank acted as a mere conduit of Theo-dule’s fraudulent transfers — that is, that the Bank never exercised dominion or control over the funds and that the Bank acted with good faith.”). Exercising plenary review, see Guarino v. Wyeth, LLC, 719 F.3d 1245, 1248 (11th Cir.2013), we reverse the dismissal of the FUFTA claims.
The “mere conduit” theory, as set out in In re Harwell, 628 F.3d 1312 (11th Cir.2010), is an “equitable exception” to the fraudulent transfer provisions in the Bankruptcy Code. See 11 U.S.C. §§ 548, 550. *813 It is available to persons or entities who are initial recipients of fraudulent transfers but who are “ ‘mere conduits’ with no control over the fraudulently-transferred funds.” See In re Harwell, 628 F.3d at 1322. Significantly, however, the “mere conduit” theory must be affirmatively proved by the one seeking to obtain its protection. As we said in In re Harwell, transferees who want to come within the equitable exception to §§ 548 and 550 of the Bankruptcy Code “must establish (1) that they did not have control over the assets received, i.e., that they merely served as a conduit for the assets that were under the actual control of the debt- or-transferor[,] and (2) that they acted in good faith and as an innocent participant in the fraudulent transfer.” Id. at 1323. This two-pronged test entails “a flexible, pragmatic, equitable approach of looking beyond the particular transfer in question to the circumstances of the transaction in its entirety.” Id. at 1322 (citing Nordberg v. Societe Generale (In re Chase & Sanborn Corp.), 848 F.2d 1196, 1199 (11th Cir.1988)).
We have not yet addressed whether the “mere conduit” affirmative defense applies in FUFTA actions. Nor have the Florida courts.[2] Assuming, however, that this defense does apply, it should not have served as the basis for dismissal of Mr. Perlman’s FUFTA claims. As a general matter, a plaintiff is “not required to negate an affirmative defense in [his] complaint.” La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir.2004) (punctuation omitted). See also Payne v. Humana Hosp. Orange Park, 661 So.2d 1239, 1241 (Fla. 1st DCA 1995) (“[T]he complaint need not anticipate affirmative defenses!.]”). Although a “complaint may be dismissed if an affirmative defense ... appears on the face of the complaint,” Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir.2011), the “mere conduit” defense was not apparent from the four corners of the amended complaint.
According to Mr. Perlman’s allegations, Bank of America was not a mere conduit. Mr. Theodule and his entities initially did their banking at Washington Mutual Bank and then Wachovia Bank, but those financial institutions closed their accounts by July of 2008 “due to the apparent money laundering nature of the [account] activities].” By then, pursuant to its anti-money laundering policies, and its “Know your Customer” program, Bank of America had implemented certain due diligence requirements for new customers. These included “obtaining information from the new customer regarding the background and nature of the new customer’s business operations,” which Bank of America verified by “various means[,] including running internet searches, checking public records, and contacting the customer’s prior banker(s).” Bank of America also did not open, and did not allow, “investment club” accounts, as such accounts were “a well known indicator of a Ponzi scheme operation.” If Bank of America “contacted [Mr.] Theodule’s bankers at Wachovia, as was its custom and policy, [it] knew [Mr.] Theodule’s accounts there had been ordered closed for money laundering activities.” Nonetheless, Bank of America agreed to open accounts for Mr. Theodule and his entities — including at least 20 in *814 vestment club accounts for Theodule-relat-ed entities — and make all transfers they requested, even though it “knew that the transfers were part of a Ponzi scheme.” Many of these investment club accounts had the words “Investment Club” in their title. Millions of dollars flowed into the investment club accounts, only to be transferred to Mr. Theodule’s personal accounts. Within the first 30 days of opening the accounts at Bank of America, Mr. Theodule took out $1.3 million of the investment clubs’ money that had come into his own personal accounts.
One of the defrauded investors, who had obtained an equity line on her home to invest with one of the investment clubs, found out through a Bank of America vice-president/branch manager that the club, instead of depositing her $80,000 check, had cashed it. When the customer expressed alarm, the vice president/branch manager advised her that “there was no cause for concern” because she had a receipt. Acting on this advice, the customer took no further action. The customer never got any of her money back, and Bank of America is now threatening to foreclose on her home because she cannot make the payments on the equity line.
These allegations, at the very least, cast some doubt on Bank of America’s good faith, and preclude a finding that the “mere conduit” defense was apparent from the face of the amended complaint. Cf. Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259, 1273 (11th Cir.2008) (characterizing “good faith” as a “factintensive issue”). Bank of America is, of course, free to assert the “mere conduit” affirmative defense at summary judgment once discovery is completed.
II[3]
As noted earlier, the district court denied leave to amend and denied Mr. Perl-man’s Rule 59 motion. We review both of these rulings for abuse of discretion. See Tampa Bay Water v. HDR Eng’g, Inc., 731 F.3d 1171, 1178 (11th Cir.2013) (leave to amend); Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238-39 (11th Cir.1985) (motion to alter or amend judgment under Rule 59(e)).
The district court properly exercised its discretion. First, the footnote in which Mr. Perlman sought leave to amend — contained in his opposition to Bank of America’s motion to dismiss — did not indicate what additional facts he intended to allege in a proposed second amended complaint. The request was therefore legally insufficient. See Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir.2002) (en banc) (“A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.”); Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir.2009) (concluding that the district court did not abuse its discretion in denying request for leave to amend where the request was merely included in a footnote and did not “describe the substance of [the] proposed amendment”). Second, Mr. Perlman filed his Rule 59(e) motion one day beyond the 28-day deadline. See Fed.R.Civ.P. 59(e) (“A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.”). As a result, the district court could not have granted relief. See Green v. Drug Enforcement Admin., 606 F.3d 1296, 1300 (11th Cir.2010) (“To help preserve the finality of judgments, a court may not extend the *815 time to file a Rule 59(e) motion.”).[4]
Ill
The district court did not abuse its discretion when it denied Mr. Perlman’s request for leave to amend, and when it denied his Rule 59(e) motion. The district court erred, however, in dismissing the FUFTA claims with prejudice under the “mere conduit” affirmative defense. We therefore affirm in part, reverse in part, and remand for proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED.

. Judges Martin and Jordan join in this portion of the opinion.

. A number of courts interpreting the Uniform Fraudulent Transfer Act (on which the FUFTA is based) have concluded that "the transferee's knowing participation [in the transferor's fraudulent scheme] is irrelevant under the [Act].” Warfield v. Byron, 436 F.3d 551, 557-59 (5th Cir.2006) (surveying cases). Accord Frank Sawyer Trust of May 1992 v. Commissioner of Internal Revenue, 712 F.3d 597, 606-07 (1st Cir.2007); Boyer v. Crown Stock Dist., Inc., 587 F.3d 787, 792 (7th Cir.2009).

. Judges Jordan and Suhrheinrich join in this portion of the opinion.

. To the extent that Mr. Perlman argues that the district court should have granted relief under Rule 60, we likewise find no abuse of discretion.