[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15115
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02002-TWT


CLARENCE MCFARLIN, JR.,

Plaintiff-Appellant,

versus

DOUGLAS COUNTY,
PHIL MILLER,
individually and in his official capacity,
CITY OF DOUGLASVILLE, GEORGIA,
CHRIS WOMACK,
JAMES HARRELL,
Individually and in their official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 30, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Clarence McFarlin, Jr., proceeding pro se, appeals the district judge's dismissal of his civil rights complaint without prejudice and with leave to amend and his subsequent motion to reconsider.  We affirm.

## I. BACKGROUND

In June 2013, McFarlin filed a motion for leave to proceed in forma pauperis ("IFP") and a 371-page, civil-rights complaint.  In his complaint, McFarlin asserted 20 claims for relief against Douglas County, the City of Douglasville, The Home Depot, Inc., Lowe's Home Centers, Inc., and 19 individual defendants. McFarlin brought his claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and Georgia law.  His claims arose out of allegations of unreasonable searches and seizures of McFarlin and his property; it also included claims of conspiracy, false imprisonment, and malicious arrest and prosecution.  A magistrate judge granted McFarlin's motion for IFP status and directed that his case be submitted to the district judge for a frivolity screening under 28 U.S.C. § 1915.[1]

Approximately four months later, McFarlin filed a 384-page amended complaint, in which he asserted 20 claims for relief against the previously named defendants and several additional individual defendants.  McFarlin again asserted claims under §§ 1983, 1985, 1986, and 1988, and Georgia law.  His amended

---

[1] A federal court must dismiss a case brought by a litigant proceeding IFP, if the action or appeal is frivolous or fails to state a claim.  28 U.S.C. § 1915(e)(2)(B).

complaint included 13 pages devoted to describing the parties, 57 pages describing the factual allegations underlying his claims, and 293 pages devoted to his 20 causes of action.

The district judge sua sponte dismissed McFarlin's complaint without prejudice in an order that briefly discussed the standards for frivolity review and failure to state a claim.  The order also stated:

> The Plaintiff names 23 Defendants in his 385 page 772 paragraph Complaint.  The Complaint obviously fails to Comply with [Federal Rule of Civil Procedure] 8 and is DISMISSED without prejudice. The Plaintiff has 28 days from the date of this Order to file an Amended Complaint of no more than 25 double spaced pages which fully complies with Rule 8 of the Federal Rules of Civil Procedure.

R. at 1191-92.  McFarlin filed a motion for reconsideration and requested 60 days to file an amended complaint, as well as an expansion of the page limit to a total of 75 pages.  He further requested clarification as to "the offensive content [in his complaint], as well as direction from [the] court on the desired format and essential content required by the court" in an amended complaint.  R. at 1196.  He also asserted the statute of limitations on his § 1983 claims had expired after he filed his initial complaint, but before the judge dismissed his complaint without prejudice. As a result, McFarlin contended, the judge's dismissal without prejudice was tantamount to a dismissal with prejudice, because it would render an amended complaint time-barred.  He argued a dismissal with prejudice was not warranted, as the judge had not found he had engaged in a pattern of delay or willful contempt.

3

Consequently, McFarlin asked the judge to rescind the order of dismissal to allow McFarlin to preserve his causes of action. The district judge summarily denied McFarlin's motion for reconsideration.

On appeal, McFarlin again argues the dismissal of his complaint was the equivalent of a dismissal with prejudice, because he cannot refile his claims, since the statute of limitations has expired. He contends it was an abuse of discretion for the district judge to dismiss his complaint without finding he had failed to comply with a court order or engaged in willful misconduct.

## II. DISCUSSION

We review for abuse of discretion a district judge's dismissal for failure to comply with the rules of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (internal quotation marks omitted). Under Rule 8, a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A district judge has the authority to dismiss a complaint for failure to comply with the federal rules. *See* Fed. R. Civ. P. 41(b); *Betty K Agencies, Ltd.*, 432 F.3d at 1337 (recognizing a district judge may dismiss a case sua sponte under either Rule 41(b) or its inherent authority to manage its docket).

4

The district judge also has the inherent authority sua sponte to require the plaintiff to file a more definite statement. *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

Although courts liberally construe pro se pleadings, a pro se litigant still is required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading. *See GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). Where allegations are vague and ambiguous, leaving the reader to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims. *See Byrne v. Nezhat*, 261 F.3d 1075, 1128, 1133 (11th Cir. 2001).

Section 1983 claims are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011). In Georgia, where McFarlin brought this action, that period is two years. Ga. Code Ann. § 9-3-33; *DeYoung*, 646 F.3d at 1324. An amended complaint relates back to the date of the initial complaint, where (1) the law that provides the applicable statute of limitations allows relation back, and (2) the amendment asserts claims that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original complaint. Fed. R. Civ. P. 15(c). Similarly, under Georgia law,

5

"[w]henever [a] claim . . . asserted in [an] amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Ga. Code Ann. § 9-11-15(c).

We review for an abuse of discretion the denial of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1343 n.20 (11th Cir. 2010). The only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. *See id.* at 1344. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment. *Id.* We also review the denial of a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) for an abuse of discretion. *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1202 (11th Cir. 2011). Under Rule 60(b), a judge may relieve a party of a final order or judgment for (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; or (3) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The appellant's burden on appeal from the denial of a Rule 60(b) motion is heavy. It is not enough that a grant of the Rule 60(b) motion might have been permissible or warranted; instead, the appellant must show a justification so compelling the district judge was required to vacate the prior order. *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)

(per curiam).  A litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

Although the district judge's order dismissing McFarlin's complaint without prejudice briefly referred to frivolity and failure to state a claim, the judge's stated reason for the dismissal was McFarlin's failure to comply with Rule 8.  McFarlin has not shown the judge abused his discretion by dismissing McFarlin's complaint on this ground without prejudice, with leave to amend.  *See Betty K Agencies, Ltd.*, 432 F.3d at 1337.  Nothing in the record suggests an amended complaint would have asserted claims that did not arise out of the conduct, transactions, or occurrences set out in McFarlin's initial complaint.  An amended complaint would have related back to the original complaint; contrary to McFarlin's contention, the dismissal was not tantamount to a dismissal with prejudice.  *See* Fed. R. Civ. P. 15(c)(1); Ga. Code Ann. § 9-11-15(c).

The sole case from this court cited by McFarlin in support of his assertion that the dismissal of his complaint was the equivalent of a dismissal with prejudice is inapposite.  In *Burden v. Yates*, 644 F.2d 503, 504-05 (5th Cir. Unit B May 1981),[2] we held the district judge improperly had dismissed the case without prejudice, because of the plaintiff's failure to comply with a pretrial order.  We

---

[2] Decisions rendered by a Unit B panel of the former Fifth Circuit are circuit precedent in the Eleventh Circuit.  *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

noted that, because the relevant statute of limitations had expired at the time of the dismissal, the dismissal had the effect of precluding the plaintiff from pursuing his case in a subsequent action. *Id.* at 505. Notably, our decision in *Burden* provided no indication the plaintiff would have been permitted to file an amended complaint. *See generally id.* The judge, however, granted McFarlin leave to file, in the same action, an amended complaint that would have related back to his initial complaint. *See* Fed. R. Civ. P. 15(c)(1); Ga. Code Ann. § 9-11-15(c).

For the same reason, the district judge did not abuse his discretion by denying McFarlin's motion for reconsideration, whether it was brought under Rule 59(e) or 60(b). *See* Fed. R. Civ. P. 59(e), 60(b); *Jacobs*, 626 F.3d at 1343 n.20, 1344; *Cano*, 435 F.3d at 1342. McFarlin did not identify any legal standards or procedures the judge improperly applied in dismissing his complaint without prejudice and with leave to amend, manifest errors in fact-finding by the judge, or newly discovered evidence. *See Jacobs*, 626 F.3d at 1344. Nor did McFarlin establish any other justification so compelling the judge was required to vacate the prior order. *See Cano*, 435 F.3d at 1342. Instead, McFarlin erroneously argued the dismissal was tantamount to a dismissal with prejudice. By failing to elaborate any arguments on appeal addressing the judge's denials of McFarlin's requests for expansion of the time and page-number limitations imposed by the judge, McFarlin has abandoned them. *See Timson*, 518 F.3d at 874.

8

**AFFIRMED.**