[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10100
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-22590-FAM

KATHY EMERY,

Plaintiff - Appellant,

versus

AMERICAN AIRLINES, INC.,
a foreign corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 12, 2016)

Before JULIE CARNES, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Kathy Emery, appearing *pro se*, appeals three post-judgment orders that the district court entered in her case against American Airlines, Inc. ("American") under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a).  Specifically, she appeals the district court's orders (1) denying her motion to alter or amend the court's order granting summary judgment in favor of American on her claim for long-term disability benefits; (2) denying her request for an extension of time to file a reply to American's opposition to her motion to alter or amend judgment; and (3) granting American's motion for taxable costs. Also before the Court is Emery's "Request [for] Judicial Notice of Evidence of Timely Filing of Tolling Motion," in which she asks us to consider evidence that she asserts demonstrates she made best efforts to timely file her motion to alter or amend.

## I.

American hired Emery in 1992 to serve as a commercial airline pilot.  As part of her employment, she was eligible to participate in the benefits of American's Pilot Retirement Benefit Program (the "Plan"), which was governed by ERISA.  Emery served as a pilot until 2003, when, due to her depression and anxiety, she began receiving long term disability benefits pursuant to the Plan.  In early 2007, American determined that it could not establish necessity of continued

medical treatment for Emery and accordingly terminated her disability benefits. Emery administratively appealed that decision, and her appeal was denied.

Emery then filed a counseled four count ERISA complaint against American, seeking payment of long-term disability benefits. She alleged that those benefits erroneously had been terminated (Count 1), and that American was liable for civil monetary penalties for failing to comply with her request for Plan documents (Count 2). She sought equitable relief (Count 3) and attorney's fees and costs (Count 4).

After a discovery period, the parties filed cross motions for summary judgment on all claims. The district court granted summary judgment on October 20, 2014 in favor of American on Counts 1, 3, and 4, concluding that Emery had failed to meet her burden to demonstrate that the decision to terminate her long-term disability benefits was arbitrary and capricious, had abandoned her claim for equitable relief, and was not entitled to attorney's fees. As to Count 2, the district court granted summary judgment in favor of Emery, concluding that American was liable for a civil penalty of $14,080 "[i]n light of the disturbing failure of Defendant to respond timely to Emery's request" for Plan documents to which she was entitled under ERISA. Summary Judgment Ord., Doc. 199 at 43-45 (footnote omitted).[1]

---

[1] "Doc." refers to the docket entry in the district court in this case.

On November 18, 2014, Emery, now proceeding *pro se*, filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). American responded, asserting that the motion was untimely because it was filed 29 days after judgment was entered, and such motions must be filed within 28 days. American contended that, even if the court were to construe the motion as one under Rule 60(b), a motion for relief from judgment, it should be denied because Emery merely attempted to relitigate issues the district court previously had rejected, which was insufficient to satisfy the rule's standard for relief.

The day after Emery filed her Rule 59(e) motion, American filed a motion under Federal Rule of Civil Procedure 54(d) for costs, asserting that it was the prevailing party in the litigation. The district court denied Emery's Rule 59(e) motion in a summary order and granted American's Rule 54(d) motion for costs. Later that same day, Emery filed a request for extension of time to file a reply to American's opposition to her Rule 59(e) motion. The court denied this request as moot.

Emery then filed a "Request for Status Conference" and "Submission of Verified Notice of Timely Filing of Plaintiff's Motion to Alter Judgment," in which she asserted that her Rule 59(e) motion was timely filed on November 17, 2014, when it was hand delivered to the clerk on that day. She included with her request the affidavit of Alvin Combs, the individual who apparently hand delivered

4

the Rule 59(e) motion.  Combs stated that he encountered delays clearing courthouse security and arrived in the clerk's office to find the public access door locked, but he handed the motion to an employee who took it to the clerk's office for filing.  The district court denied Emery's request.

Emery appealed the district court's:  (1) summary judgment order; (2) denial of her request for an extension of time to reply to American's response to her Rule 59(e) motion; (3) denial of her Rule 59(e) motion; and (4) award of costs to American.  A panel of this Court *sua sponte* dismissed Emery's appeal of the summary judgment order because her notice of appeal was untimely as to that judgment.  The panel reasoned that, because the Rule 59(e) motion was untimely, it failed to toll the period to appeal the final judgment.  The panel permitted the remainder of Emery's appeal to proceed.  After briefing concluded, Emery filed a "Request [for] Judicial Notice of Evidence of Timely Filing of Tolling Motion," which we have carried with her case.

## II.

On appeal, Emery challenges the district court's disposition of:  her Rule 59(e) motion and American's motion for costs.  We address these in turn.

## A.

Emery argues that the district court erred in denying her Rule 59(e) motion as untimely.  In so doing, she also challenges the district court's decision to deny

5

her an extension of time to reply to American's response to her motion and asks this Court to take notice of evidence she contends demonstrates that her motion was timely filed.

We review the district court's denial of a Rule 59 motion for an abuse of discretion. *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). A district court does not abuse its discretion by refusing to accept an untimely filing. *See Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) ("Deadlines are not meant to be aspirational" because the "district court must be able to exercise managerial power to maintain control over its docket."). Similarly, we review for an abuse of discretion a district court's denial of a request for an extension of time. *Id.* at 863. "The district court has a range of options; and so long as the district court does not commit a clear error in judgment, we will affirm the district court's decision." *Id.*

We, like the district court, must liberally construe pleadings prepared by *pro se* litigants. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). *Pro se* litigants still must comply with procedural rules, however. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

First, the district court did not abuse its discretion in denying Emery's Rule 59(e) motion. The court entered a final judgment in Emery's case on October 20, 2014. "A motion to alter or amend a judgment must be filed no later than 28 days

after the entry of the judgment." Fed. R. Civ. P. 59(e). Thus, Emery's deadline to file her motion in this case was November 17, 2014. Emery's motion was filed on November 18, one day late. Accordingly, the district court was entitled to deny it as untimely.[2] *See Young*, 358 F.3d at 864.

Emery contends in her brief and via her motion filed in this Court that Alvin Combs, the individual who hand delivered her Rule 59(e) motion to the district court's clerk's office, took her motion to the courthouse on November 17, 2014 and encountered a delay passing through security screening that resulted in his late arrival to the clerk's office. Nevertheless, she asserts, Combs gave the motion to a court employee, who then filed it with the district court. For these reasons, Emery argues that her Rule 59(e) motion was timely and should not have been denied.

Even if we assume, however, that Emery's motion was timely filed, the district court did not abuse its discretion in denying it. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (alterations and internal quotation marks and citation omitted). Emery failed

---

[2] Because the district court issued a summary order, it is not apparent from the face of the order that the motion was denied as untimely. We nevertheless may affirm the district court's decision for any reason supported by the record, even if not relied upon by the district court. *See Williams v. Bd. of Regents of Univ. Sys. Of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007).

to articulate in her motion any manifest errors in the district court's summary judgment order or any newly discovered evidence that would affect the judgment. Rather, she merely restated the points she made throughout the district court proceedings and most recently in her summary judgment briefing.  Although she alluded to newly discovered evidence in her Rule 59(e) motion, all of the evidence upon which she relied was available to the district court when it rendered its decision on the parties' cross motions for summary judgment.  Accordingly, the district court did not abuse its discretion in denying Emery's Rule 59(e) motion even if the motion was timely filed.[3]

Moreover, to the extent Emery argues that her Rule 59(e) motion was timely filed so as to toll the period for filing a notice of appeal from the district court's October 14, 2014 final judgment, her argument is foreclosed because a panel of

---

[3] It could be argued that in liberally construing her pleadings, the district court should have considered Emery's Rule 59(e) motion as one pursuant to Federal Rule of Civil Procedure 60(b) because the deadline to file such a motion had not passed.  In any event, the same result would obtain under Rule 60(b).  A motion under that rule seeking relief from a final judgment may be granted only in limited circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party"; or if the judgment is void or has been discharged.  Fed. R. Civ. P. 60(b)(1)-(5).  Although the rule also provides that a party may be entitled to relief from judgment if "any other reason . . . justifies relief," *id.* at (b)(6), "relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."  *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Emery's motion failed to present the district court with any of these; accordingly, the court could have denied her motion on this alternative ground.

this Court previously decided that she failed to timely appeal the district court's summary judgment order.[4]

Second, the district court acted within its discretion in denying as moot Emery's request for an extension of time to file a reply to American's opposition to her Rule 59(e) motion. By the time she filed her request for an extension, the district court had already ruled on the 59(e) motion. This intervening decision rendered Emery's request moot. Further, the remedy Emery sought, for the district court to consider her argument that the Rule 59(e) motion was timely filed, was in fact achieved when the court addressed (and denied) Emery's "Request for Status Conference" and "Submission of Verified Notice of Timely Filing of Plaintiff's Motion to Alter Judgment." Thus, the district court considered the very arguments and evidence that Emery complains it did not. We affirm the district court's denial of the extension request.

B.

Emery next argues that the district court erred in awarding costs under Rule 54(b) to American as a prevailing party in the litigation. We agree. We review the factual findings underlying a district court's determination regarding prevailing party status for clear error. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). "Whether the facts as found suffice to render the [party] a 'prevailing party' is a

---

[4] Because Emery's "Request [for] Judicial Notice of Evidence of Timely Filing of Tolling Motion" has no bearing on our decision, it is DENIED.

legal question reviewed *de novo*." *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (internal quotation marks omitted).  Provided a party is a "prevailing party," we review the district court's decision about whether to award costs in favor of that party for an abuse of discretion.  *Chapman v. Al Transp.*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  The rule establishes "a strong presumption that the prevailing party will be awarded costs."  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007).  To be a prevailing party, "a party need not prevail on all issues."  *Head*, 62 F.3d at 354 (alteration and internal quotation marks omitted).  "A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claims."  *Id.* (internal quotation marks omitted).

A defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit.  *See id.* at 354-55. (concluding that a defendant was the prevailing party when the district court granted its motion for summary judgment and dismissed the plaintiff's remaining state law claims); *see also* 10 *Moore's Federal Practice* § 54.171[3][c][iv], at 54-285 ("If the case is litigated to judgment on the merits in favor of the defendant, the defendant is the prevailing

10

party."). Here, however, Emery prevailed on one of her claims against American. Put differently, although American avoided liability on three of the claims Emery pursued against the company, it was held liable to Emery for a civil penalty on her fourth claim. Under these facts, the district court erred in deeming American to be the prevailing party in the litigation. *See Lipscher*, 266 F.3d at 1321. Accordingly, we reverse the district court's award of costs in favor of American.

## IV.

For the foregoing reasons, we affirm the district court's denial of Emery's Rule 59(e) motion and her request for an extension of time to reply to American's response to that motion, but we reverse the district court's order granting American's motion for costs and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**