IN RE: ROLLAGUARD SECURITY, LLC, Shamrock Jewelers, Inc., and Shamrock Jewelers Loan & Guarantee, LLC, Debtors.

Robert C. Furr not individually but as Chapter 7 Trustee of the estate of the Debtors, Rollaguard Security, LLC, et al., Plaintiff,

v.

TD Bank, N.A., Defendant.

Robert C. Furr not individually but as Chapter 7 Trustee of the estate of the Debtors, Rollaguard Security, LLC, et al., Plaintiff,

v.

PNC Bank, N.A., Defendant.

Robert C. Furr not individually but as Chapter 7 Trustee of the estate of the Debtors, Rollaguard Security, LLC, et al., Plaintiff,

v.

JPMorgan Chase Bank, N.A. d/b/a Chase Bank, Defendant.

Case No. 14–38071–EPK (Substantively Consolidated)
Adv. Proc. No. 16–01755–EPK, Adv. Proc. No. 16–01756–EPK, Adv. Proc. No. 16–01757–EPK

United States Bankruptcy Court, S.D. Florida, West Palm Beach Division.

Signed August 29, 2017

Filed 08/30/2017

John H. Genovese, Esq., Jesus M. Suarez, Miami, FL, for Plaintiff.

Matthew J. Feeley, Miami, FL, Jose R. Florez, Buchanan Ingersoll & Rooney PC, Ft. Lauderdale, FL, Pamela Miller, Daniel Shamah, O'Melveny & Myers LLP, New York, NY, for Defendant TD Bank, N.A.

## ORDER DENYING IN PART OMNIBUS MOTION OF PLAINTIFF AND SETTING HEARING THEREON

Erik P. Kimball, Judge

This matter comes before the Court on the omnibus motion in each of the above-

captioned adversary proceedings [ECF No. 50, Adv. Proc. No. 16–01755–EPK; ECF No. 57, Adv. Proc. No. 16–01756–EPK; and ECF No. 40, Adv. Proc. No. 16–01757–EPK] (collectively, the "Omnibus Motion") filed by Robert C. Furr, as chapter 7 trustee (the "Trustee") of the bankruptcy estates of Rollaguard Security, LLC ("Rollaguard") and the substantively-consolidated debtors Shamrock Jewelers, Inc. and Shamrock Jewelers Loan & Guarantee, LLC (together, the "Shamrock Entities" and, with Rollaguard, the "Debtors").

In these adversary proceedings, the Trustee filed complaints [1] (the "Original Complaints") against TD Bank, N.A. ("TD Bank"), PNC Bank, N.A. ("PNC Bank"), and JPMorgan Chase Bank, N.A. d/b/a Chase Bank ("JPMC Bank") (collectively, the "Defendants"). Each of the Original Complaints alleged substantially the same facts, with minor differences, and presented the same five requests for relief. In counts I and II of the Original Complaints, the Trustee sued the Defendants to avoid alleged fraudulent transfers made by the Debtors to the Defendants under the actual and constructive fraud provisions of section [2] 548(a)(1)(A)-(B) and under the actual and constructive fraud provisions of section 544 incorporating Florida Statutes § 726.105(1)(a)-(b), and to recover the alleged fraudulent transfers from the Defendants pursuant to section 550. In counts III, IV, and V of the Original Complaints, the Trustee sued the Defendants for monetary damages for the Defendants' alleged aiding and abetting of conversions and for their alleged negligence.

In response, TD Bank filed the *Defendant's Motion to Dismiss the Complaint and Memorandum of Law in Support* [ECF No. 26, Adv. Proc. No. 16–01755–EPK], PNC Bank filed *PNC Bank, National Association's Amended Motion to Dismiss the Trustee's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted* [ECF No. 26, Adv. Proc. No. 16–01756–EPK], and JPMC Bank filed *JP Morgan Chase Bank, N.A.'s Motion to Dismiss Adversary Complaint to Avoid and to Recover Avoidable Transfers, for Aiding and Abetting Conversion and for Other Relief* [ECF No. 21, Adv. Proc. No. 16–01757–EPK] (collectively, the "Motions to Dismiss"). The Defendants raised substantially the same arguments in the Motions to Dismiss and adopted each other's arguments.

On July 27, 2017, the Court entered a consolidated order dismissing with prejudice the three above-captioned adversary proceedings [3] (the "Dismissal Order"). The Court dismissed counts I and II on several grounds. First, the Court ruled that the Original Complaints did not describe any "transfers" that could be avoided as fraudulent transfers under either section 548 or section 544 incorporating Florida law. Second, the Court ruled that the Defendants are not "transferees" against whom the Trustee may obtain judgment under section 550(a)(1). Third, the Court ruled that the Original Complaints did not contain sufficient allegations to plausibly support the conclusion that the Debtors deposited their own funds into their own unrestricted bank accounts with the intent to hinder, delay, or defraud creditors, as required by

---

1. ECF No. 1, Adv. Proc. No. 16–01755–EPK; ECF No. 1, Adv. Proc. No. 16–01756–EPK; and ECF No. 1, Adv. Proc. No. 16–01757–EPK.

2. Unless otherwise noted, the word section or sections refers to the stated section or sec-

tions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

3. ECF No. 43, Adv. Proc. No. 16–01755–EPK; ECF No. 50, Adv. Proc. No. 16–01756–EPK; and ECF No. 33, Adv. Proc. No. 16–01757–EPK.

the relevant statutes, and so the Trustee's actual fraud claims in counts I and II must be dismissed. Fourth, the Court ruled that the Debtors obtained reasonably equivalent value in exchange for the bank deposits, and so the Trustee's constructive fraud claims in counts I and II must be dismissed. Fifth, the Court ruled that the Trustee's claims in counts I and II based on section 544, incorporating Florida law, must be dismissed as the Trustee failed to identify by name at least one triggering creditor for each such claim. The Court ruled that the claims against Shamrock Jewelers Loan & Guarantee, LLC in counts IV and V must be dismissed as a result of the application of the defense of *in pari delicto*, as that defense was apparent on the face of the Original Complaints. The Court ruled that counts III and IV of the Original Complaints must be dismissed as the Trustee failed to allege sufficient facts to show that any of the Defendants had actual knowledge of the alleged conversion by the Debtors' principal or that any of the Defendants rendered substantial assistance to the Debtors' principal, two independent reasons for dismissal of those claims. The Court ruled that the claims in count V based in negligence must be dismissed as the Trustee failed to plead a duty of care on the part of the Defendants. Because the Trustee did not seek permission to amend the Original Complaints, the Court ruled that it would dismiss the Original Complaints with prejudice. The Court then entered judgments in favor of the Defendants.[4]

By the Omnibus Motion, the Trustee seeks reconsideration of the Dismissal Order and related judgments under both Fed. R. Civ. P. 59(e) and 60(b)(6), made applicable here by Fed. R. Bankr. P. 9023 and 9024, respectively, and/or permission to file an amended complaint in each adversary proceeding.

The Trustee asks the Court to reconsider several legal issues addressed in the Dismissal Order, arguing that the Court made "clear errors of law" and that the dismissal will otherwise result in "manifest injustice." The Trustee argues that the bank deposits alleged in the Original Complaints were "transfers" avoidable as fraudulent transfers, that it was not proper for the Court to address the "conduit defense" at the motion to dismiss stage and so the Court should not have ruled that none of the Defendants are "transferees" subject to judgment under relevant law, and that the Original Complaints contained sufficient allegations to overcome the other shortcomings relied on by the Court in dismissing the Original Complaints.[5]

 That the Trustee disagrees with the Court's legal analyses relied on in dismissing the Original Complaints is not reason for the Court to reconsider its original ruling under any applicable standard. The Trustee and the Defendants provided the Court with comprehensive briefs on the issues, the Court carefully studied those briefs and applicable law, and the Court set out in detail its reasons for dismissing the Original Complaints, citing precedent from the Eleventh Circuit Court of Ap-

---

4. ECF No. 45, Adv. Proc. No. 16–01755–EPK; ECF No. 52, Adv. Proc. No. 16–01756–EPK; and ECF No. 35, Adv. Proc. No. 16–01757–EPK.

5. The Court notes that in several instances the Trustee mischaracterizes the Court's actual rulings in dismissing these adversary proceedings, and cites case law that the Court previ-

ously distinguished or which is contradicted by decisions of the same court, including the Eleventh Circuit Court of Appeals. Rather than separately address each such argument, the Court points the parties to its original Dismissal Order, which is incorporated here in full.

peals and persuasive precedent from other circuits. Nothing in the Omnibus Motion would cause the Court to change its ruling. The Trustee's request for the Court to reconsider its legal rulings will be denied.

In the alternative, the Trustee seeks leave to file amended complaints against each of the Defendants. The Trustee states that he received discovery from the Defendants after the Motions to Dismiss were fully briefed.[6] The Trustee alleges that these recently received documents contain new evidence, not available prior to the filing of the Original Complaints, which supports certain of the Trustee's original claims and a new claim for aiding and abetting breach of fiduciary duty. The Trustee seeks permission to file amended complaints, in the forms attached to the Omnibus Motion, that the Trustee states incorporate the new evidence.

Under prevailing Supreme Court precedent, when a plaintiff files a federal court complaint the plaintiff must include factual allegations sufficient to plausibly support each element of the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). For example, if a plaintiff seeks a judgment based on the claim that the defendant aided and abetted a conversion, among other things the complaint must include specific factual allegations that, if proven, would plausibly support the

conclusion that the defendant knew of the conversion in question. Such allegations might include reference to correspondence, business records, statements made by the defendant itself, and the like, that tend to show that the defendant knew of the conversion. Often times specific dates are important. For example, one cannot aid and abet a conversion if one does not learn of it until after it is completed. The complaint must be reasonably detailed in setting out the necessary allegations.

When a defendant is served with a federal court complaint, the defendant is required to respond in a timely manner or risk entry of a default judgment. The defendant has two primary modes of response available to it. The defendant may answer the complaint, responding to each of the allegations and raising appropriate defenses. Or the defendant may move to dismiss the complaint. The filing of a motion to dismiss places the sufficiency of the complaint itself before the court.

If a defendant presents a motion to dismiss a federal court complaint on the grounds that the factual allegations contained in the complaint, even if proven, do not support the claim, the plaintiff may respond in two ways. The plaintiff may argue that the allegations in its complaint do in fact plausibly support the claim or the plaintiff may seek to amend its complaint to add additional factual allegations aimed at satisfying the defects claimed by

---

**6.** It is not clear when the Trustee received the discovery materials in question, what form they took, or the volume of those discovery materials. The Trustee states only that the discovery materials were delivered after entry of an agreed order regarding discovery on June 22, 2017. The Court entered its Dismissal Order on July 27, 2017, more than a month later. If the discovery materials were voluminous and difficult to parse, then it is not unreasonable that the Trustee had not sought to bring the alleged new facts to the Court's attention before the Court ruled on the Motions to Dismiss. On the other hand, if the discovery materials were easily digestible, it is unclear why the Trustee waited until after the Court entered the Dismissal Order and entered judgments in favor of the Defendants. These issues may be addressed at the hearing the Court will set to consider the Trustee's alleged new evidence, discussed more fully below.

the defendant. Typically, the plaintiff does both.

██ If a plaintiff seeks permission to file an amended complaint prior to dismissal of the claim, the plaintiff must specifically request such relief and must either file with the court a proposed amended complaint or address in detail in its written request the additional factual allegations that would be set forth in the proposed amended complaint. *Malivuk v. Ameripark, LLC*, 694 Fed.Appx. 705, 711 (11th Cir. 2017) (affirming a district court's denial of leave to amend where the plaintiff sought leave to amend in a footnote contained in her response to a motion to dismiss and did not indicate what additional facts the plaintiff intended to allege in a proposed amended complaint); *Pittman v. State Farm Fire & Cas. Co.*, 662 Fed. Appx. 873, 883 (11th Cir. 2016) (affirming a district court's denial of leave to amend where the plaintiff suggested that repleading might be required in his response to a motion to dismiss and explaining that "if a plaintiff wishes to amend his complaint, he must [file a proper motion and] either attach a copy of the proposed amendment to the motion or set forth the substance thereof."); *Perlman v. Bank of Am., N.A.*, 561 Fed.Appx. 810, 814 (11th Cir. 2014) (affirming a district court's denial of leave to amend where the plaintiff sought leave to amend in a footnote contained in her response to a motion to dismiss and did not indicate what additional facts the plaintiff intended to allege in a proposed amended complaint); *Perlman v. Wells Fargo Bank, N.A.*, 559 Fed.Appx. 988, 996 n.10 (granting leave to amend where the plaintiff filed a specific motion before the district court requesting leave to amend, and filed a proposed second amended complaint setting out significant additional facts relating to the defendant's actual knowledge of an ongoing fraud);

*Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) ("Filing a motion is the proper method to request leave to amend a complaint.... A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."). If the plaintiff timely seeks permission to file an amended complaint, permission is routinely granted. *See* Fed. R. Civ. P. 15(a)(2), made applicable here by Fed. R. Bankr. P. 7015.

In this case, the Trustee filed detailed responses to the Motions to Dismiss arguing, among other things, that the allegations in the Original Complaints were sufficient to support the relief requested. The Trustee did not request to amend any of the Original Complaints until after this Court entered the Dismissal Order and final judgments in each of the adversary proceedings.

██ The Trustee takes issue with the Court dismissing the Original Complaints with prejudice, without giving the Trustee an opportunity to file amended complaints even though the Trustee had not requested it. That some courts automatically provide an opportunity to file an amended complaint after dismissal, even if not timely requested, does not mean that practice is required. Indeed, this Court believes that providing a plaintiff an automatic opportunity to file an amended complaint after dismissal, under the circumstances presented here, is contrary to the rules and the law. If the plaintiff fails to seek permission to amend, and the court determines to dismiss the complaint, the defendant should not be required to respond to yet another complaint, starting the process

all over again. The automatic granting of permission to file an amended complaint under such circumstances would only encourage plaintiffs to game the system. There is no need for a plaintiff to reveal all that it knows, to show its hand, if it will be permitted to file an amended complaint in any case. Under prevailing law, a plaintiff must state its claim as best it can in its complaint. If pleading deficiencies are pointed out, the plaintiff must timely seek permission to amend and tell the court exactly what additional allegations will be added to fortify the complaint. If a complaint does not pass muster, there is no reason to give a plaintiff a second chance that it has not timely requested.[7]

■ Prior to entry of judgment, Rule 15(a)(2) and applicable law provide a liberal standard for permitting amendments to complaints. After judgment is entered, that standard no longer applies. The plaintiff may seek leave to file an amended complaint after entry of adverse judgment only if the plaintiff first satisfies either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b), made applicable here by Fed. R. Bankr. P. 9023 and Fed. R. Bankr. P. 9024, respectively. In the Omnibus Motion, the Trustee argues that the Rule 15(a)(2) standard applies even after entry of judgment. The greater weight of authority on this issue, including more recent precedent from the Eleventh Circuit Court of Appeals, supports the conclusion that the plaintiff must meet a higher bar after entry of judgment. *Madura v. Lakebridge Condo. Ass'n*, 382 Fed.Appx. 862, 866 & n.5 (11th Cir. 2010) (explaining that the plaintiff can only rely on Rule 59(e) or Rule 60(b)—and, therefore, cannot rely on Rule 15(a)—when seeking leave to amend a complaint after dismissal and entry of final judgment as a result of the district court granting judgment on the pleadings in favor of the defendants); *Friedman v. Market Street Mortg. Corp.*, 520 F.3d 1289, 1293 n.4 (11th Cir. 2008) (explaining that the plaintiff can only rely on Rule 59(e) or Rule 60(b)—and, therefore, cannot rely on Rule 15(a)—when seeking leave to amend a complaint after dismissal and entry of final judgment as a result of the district court granting the defendant's motion to dismiss); *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361–62 & n.22 (11th Cir. 2006) (same). The plaintiff must first satisfy the standards for amendment to or relief from judgment under Rule 59(e) or Rule 60(b), and only then does the standard under Rule 15(a)(2) apply.

■ Rule 60(b)(2) explicitly provides that relief from judgment may be obtained on account of newly discovered evidence. Newly discovered evidence may also support relief under Rule 59. *McFarlin v. Douglas Cty.*, 587 Fed.Appx. 593, 596 (11th Cir. 2014); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Ross v. Corp. of Mercer Univ.*, 2007 U.S. Dist. LEXIS 37840, at *5, 2007 WL 1521605, at *1-2 (M.D. Ga. 2007). When seeking relief from judgment under Rules 59(e) or 60(b)(2) in light of newly discovered evidence, the movant must show the court the newly discovered evidence so the court can ascertain whether it is in fact newly discovered and material to the cause. *See Wells v.*

---

7. In the present case, counsel to the Trustee is well aware of the Court's view on this issue. As recently as December 22, 2016, before the Motions to Dismiss were briefed, this Court ruled that leave to amend will not be granted unless timely requested consistent with applicable precedent. *Bakst v. Bank Leumi, USA (In re D.I.T., Inc.)*, 561 B.R. 793, 804 (Bankr. S.D. Fla. 2016). Counsel to the Trustee here was also counsel to the plaintiff in the *D.I.T.* case. That the Court later permitted an amended complaint in the *D.I.T.* case, in light of material new factual allegations, does not indicate a change in the Court's view generally.

*Talton,* 2016 U.S. Dist. LEXIS 70928, at *8, 2016 WL 3093916, at *3 (M.D. Ga. 2016), *aff'd,* 695 Fed.Appx. 439 (11th Cir. 2017) (district court considered three affidavits claimed as newly discovered evidence in denying the plaintiff's Rule 59(e) motion); *Emery v. Am. Airlines, Inc.,* 647 Fed.Appx. 968, 972 (11th Cir. 2016) (determining that alleged newly discovered evidence was not in fact new); *Ross,* 2007 U.S. Dist. LEXIS 37840, at **2, 8-10, 2007 WL 1521605, at **1, 2-3 (reviewing affidavit claimed to present newly discovered evidence); *Harduvel v. General Dynamics Corp.,* 801 F.Supp. 597, 601, 604-07 (M.D. Fla. 1992) (plaintiff attached over two thousand documents to her Rule 60(b) motion as claimed newly discovered evidence).

■ The Trustee argues that the Trustee obtained additional discovery material from the Defendants that was not available when the Original Complaints were filed and so the Trustee should be permitted to file amended complaints including new allegations that the Trustee claims result from this newly discovered evidence. If the Trustee has obtained newly discovered evidence that would impact the Court's ruling in dismissing these cases, this may warrant relief from judgment under Rules 60(b)(2) and/or 59(e), after which Rule 15(c)(2) would apply and leave to file amended complaints may be warranted. However, the Trustee did not include with the Omnibus Motion copies of the relevant new discovery material. The Trustee did file with the Omnibus Motion copies of its proposed amended complaints, along with a redline comparison to facilitate the Court's review. The Court has carefully reviewed the Trustee's proposed amended complaints. There are a number of changes in the proposed amended complaints as compared to the Original Complaints. Some of the changes appear to be only re-statements of allegations previously presented in the Original Complaints using different language, sometimes in a different location in the document, without material effect on the overall nature of the allegations. Other changes appear to be new allegations not presented in the Original Complaints. However, without the ability to review the recently received discovery which is the basis of the Trustee's claim of newly discovered evidence, it is impossible for the Court to tell whether and to what extent the proposed amended complaints are indeed based on newly discovered evidence.

The Court will set a hearing to permit the Trustee to bring before the Court the recently received discovery materials that the Trustee argues represent newly discovered evidence. The Trustee will then have an opportunity to show the Court how that discovery material forms the basis for specific allegations in the proposed amended complaints that support the Trustee's claims against the Defendants. At the hearing, the Court will also consider any arguments relevant to whether the Trustee should be permitted to file the proposed amended complaints, in whole or in part.

For the foregoing reasons, the Court ORDERS and ADJUDGES as follows:

1. The Omnibus Motion [ECF No. 50, Adv. Proc. No. 16-01755-EPK; ECF No. 57, Adv. Proc. No. 16-01756-EPK; and ECF No. 40, Adv. Proc. No. 16-01757-EPK] is DENIED to the extent it seeks reconsideration of the legal conclusions contained in the Court's Dismissal Order [ECF No. 43, Adv. Proc. No. 16-01755-EPK; ECF No. 50, Adv. Proc. No. 16-01756-EPK; and ECF No. 33, Adv. Proc. No. 16-01757-EPK].

2. Not later than **September 15, 2017,** the Trustee shall file in each adversary proceeding captioned above, and serve on the relevant Defendant, a supplement to the Omnibus Motion containing copies of

all documents that the Trustee claims constitute newly discovered evidence in support of the Trustee's proposed amended complaint in the relevant adversary proceeding.

3. Not later than **September 22, 2017,** each Defendant may file a response to the Omnibus Motion addressing only the Trustee's request to file an amended complaint in the form attached to the Omnibus Motion in light of the documents filed by the Trustee pursuant to paragraph 2 of this Order. No such response shall exceed fifteen (15) pages in length.

4. The Court will hold a hearing at **9:30 a.m. on September 29, 2017,** in Courtroom B at the United States Bankruptcy Court, 8th Floor, The Flagler Waterview Building, 1515 North Flagler Drive, West Palm Beach, Florida 33401, to consider the Trustee's request to file amended complaints, as requested in the Omnibus Motion, in light of the documents filed by the Trustee pursuant to paragraph 2 of this Order. At that hearing, the Court will consider all arguments relevant to the Trustee's request to file the proposed amended complaints, in whole or in part.

**ORDERED in the Southern District of Florida on August 30, 2017.**