II. LAW
A. Jurisdiction
This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F). This is a final order.
B. Standard of Review
Audientis' motion to alter or amend a judgment is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9023. To prevail on its motion, Audientis must prove one of the following:
(1) An intervening change in law,
(2) Consideration of newly discovered evidence, or
(3) The need to correct clear error or prevent manifest injustice.
In re Danley , 540 B.R. 468, 474 (Bankr. M.D. Ala. 2015) ; In re Muhammad , 536 B.R. 469, 477 (Bankr. M.D. Ala. 2015) ; Eglin Fed. Credit Union v. Horlacher (In re Horlacher) , 389 B.R. 257, 261 (Bankr. N.D. Fla. 2008) ; see also Arthur v. King , 500 F.3d 1335, 1343 (11th Cir. 2007) (referring to a motion under Rule 59(e) ).
Audientis has made no showing of an intervening change in law or the need to correct clear error or prevent manifest injustice; thus, Audientis cannot prevail unless the affidavit and list of services submitted with its Rule 59(e) motion are "newly discovered evidence." A party cannot use a Rule 59(e) motion to "relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." Emery v. Am. Airlines, Inc. , 647 F. Appx. 968, 972 (11th Cir. 2016) (citing Jacobs v. Tempur-Pedic Int'l, Inc. , 626 F.3d 1327, 1344 (11th Cir. 2010) ). The purpose behind Rule 59(e) is not to give a party the opportunity to rehash evidence, legal theories, or arguments capable of being offered or raised prior to the entry of judgment. Templet v. HydroChem Inc. , 367 F.3d 473, 478-79 (5th Cir. 2004) (citing Simon v. United States , 891 F.2d 1154, 1159 (5th Cir. 1990) ). Instead, granting a Rule 59(e) motion to reconsider a judgment after its entry is an extraordinary remedy that *920 must be used sparingly. Templet , 367 F.3d at 478-79.
In this case, Audientis' Rule 59(e) motion was accompanied by: (1) the affidavit of William Pergolini, sole member of Audientis, and (2) a list of services allegedly provided by Audientis to SpecAlloy prior to bankruptcy, which is attached to Pergolini's affidavit. (Doc. 32, ex. A). Neither the affidavit nor the list of services was entered into the record prior to Audientis' Rule 59(e) motion. This information was also not provided to Plaintiff during discovery. (Doc. 35). The motion specifically requests this Court consider this "new" evidence and reverse its Order granting Plaintiff's Motion for Summary Judgment. (Doc. 32).
However, evidence new to the record is not necessarily newly discovered evidence within the meaning of Rule 59(e). To succeed on a Rule 59(e) motion based on newly discovered evidence, " 'the movant must show either that the evidence is newly discovered or, if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.' " Wells v. Talton , No. 5:13-CV-24 (CAR), 2016 WL 3093916, at *3 (M.D. Ga. June 1, 2016), aff'd sub nom. Wells for Chambers v. Talton , 695 F. Appx. 439 (11th Cir. 2017) (quoting Chery v. Bowman , 901 F.2d 1053, 1057 n.6 (11th Cir. 1990). Defendant does not explain why the affidavit or list could not have been introduced prior to entry of judgment or why it was not reasonably accessible prior to the entry of judgment. In fact, the information contained in Pergolini's affidavit and list presumably could have been obtained during Pergolini's deposition taken on November 6, 2017. It appears that the newly submitted information was readily available to Audientis at all times prior to the entry of judgment, but Audientis failed to diligently seek out and compile such information in a timely manner. When asked at the April 23, 2018 hearing about the lack of specificity regarding the services provided to SpecAlloy, counsel for Audientis stated that, after the Court granted summary judgment, he requested Pergolini search his records and review his emails, correspondence, and calender to come up with a list of services rendered to SpecAlloy so Audientis can show the Court specifically what it did on behalf of SpecAlloy. (Doc. 37). The time for providing this information to the Court was prior to the entry of judgment.
III. CONCLUSION
The evidence submitted in conjunction with Defendant's Rule 59(e) Motion is not "newly discovered" and was reasonably discoverable by defendant prior to the entry of final judgment. Furthermore, there is no intervening change in law or need to correct a clear error to prevent a manifest injustice which supports altering or amending this Court's judgment. Accordingly, Defendant's Motion to Alter or Amend Judgment will be denied by way of a separate order. (Doc. 32).